# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**United States of America,**

**v.**                                              **Case No. 2:23-cr-14**

**Nalah T. Jackson,**                               **Judge Michael H. Watson**

    **Defendant.**

## OPINION AND ORDER

Nalah T. Jackson ("Defendant") moves to continue her trial date for at least 180 days and to continue the associated pre-trial deadlines. ECF No. 24. For the following reasons, the motion is **GRANTED.**

Defendant is charged with two counts of kidnapping of a minor in violation of 18 U.S.C. § 1201(a)(1) and (g). *See generally*, Indictment, ECF No. 2. Defendant was indicted on January 19, 2023, and the Court subsequently set trial for March 20, 2023. *See id*; ECF No. 14.

Defendant now moves to continue her trial date. ECF No. 24. Defendant represents that the Government recently produced significant discovery and that Defendant expects additional discovery to be forthcoming. *See id*. Defendant also represents that counsel needs additional time to investigate the factual allegations to determine whether any pre-trial motions are necessary. *See id*. Finally, Defendant represents that counsel needs additional time to seek mental health records from various locations in multiple states in order to fully evaluate

possible defenses. *See id.* Defendant represents that the Government does not oppose a continuance of at least 180 days. *See id.*

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, commands that, for any case in which a defendant has not pleaded guilty, trial must begin within seventy days of the date the defendant has an initial appearance or is charged, whichever is later. 18 U.S.C. § 3161(c)(1); *Bloate v. United States*, 559 U.S. 196, 198 (2010). The Speedy Trial Act allows for certain delays to be excluded from the seventy-day clock. *See* 18 U.S.C. § 3161(h). Some of these delays—for example, those enumerated in subsection 3161(h)(1)—are automatically excluded. *See Bloate*, 559 U.S. at 199.

When, however, a delay results from a continuance granted at the request of a party or on the Court's own motion, that time is excludable only if the Court makes "specific findings" that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Bloate*, 559 U.S. at 213; 18 U.S.C. § 3161(h)(7)(A). These findings must be set forth "in the record of the case, either orally or in writing." *Zedner v. United States*, 547 U.S. 489, 506 (2006) (quoting the then-existing version of 18 U.S.C. § 3161(h)(7)).

When considering whether to grant a so-called "ends of justice" continuance under § 3161(h)(7)(A), a court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). An "ends of justice" continuance may not be granted based on "general congestion of the court's calendar," or for "lack of diligent preparation or failure to obtain available witnesses" on behalf of the Government. 18 U.S.C. § 3161(h)(7)(c).

The Court has considered the subsection (h)(7)(B) factors. Based on Defendant's representations about the volume of discovery Defendant just received, the need to investigate the factual background of the case, and counsel's need to obtain mental health records, the Court finds that "failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." See 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, a

continuance is warranted, and the "ends of justice served by the granting of [this] continuance outweigh the best interests of the public and the defendant in a speedy trial." See 18 U.S.C. § 3161(h)(7)(A). The delay caused by this continuance is excludable under the Speedy Trial Act. See 18 U.S.C. § 3161(h). Additionally, because Defendant represents that a continuance of at least 180 days is necessary to fully prepare for trial, the Court finds that the ends of justice are further served by the extended length of the continuance.

Therefore, Defendant's motion is **GRANTED**. Trial is set for **Tuesday October 10, 2023, at 9:00 a.m. in Courtroom 120**. The final pretrial conference is set for **Wednesday October 4, 2023, at 11:00 a.m.** All motions *in limine*, any other pretrial motions, and proposed joint, substantive jury instructions are due by **Tuesday September 19, 2023**.

**IT IS SO ORDERED.**

                                          _s/ Michael H. Watson_
                                          **MICHAEL H. WATSON, JUDGE**
                                          **UNITED STATES DISTRICT COURT**